# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| TRUXEDO, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROUGH COUNTRY, LLC, <br><br> Defendant. | Case No. <br><br><br> **JURY DEMAND** |

## COMPLAINT FOR PATENT INFRINGEMENT

1. Plaintiff TruXedo, Inc. ("TruXedo" or "Plaintiff") files this complaint for patent infringement against Defendant Rough Country, LLC ("Rough Country" or "Defendant") and alleges as follows:

### I. BACKGROUND

2. This is a complaint for patent infringement of U.S. Patent Nos. 8,672,388 ("'388 Patent"), 9,211,833 ("'833 Patent"), and 9,840,135 ("'135 Patent") (collectively, "Asserted Patents") under 35 U.S.C. § 271.

3. TruXedo is an indirect wholly owned subsidiary of RealTruck, Inc. ("RealTruck"). RealTruck and its subsidiaries are global leaders in the development, manufacture, and sale of high quality, innovative pickup truck and Jeep accessories. Headquartered in Michigan, RealTruck is located at the heart of the automotive industry. TruXedo is a premier manufacturer of resilient and durable pickup truck bed covers. These devices, also known as "tonneau covers" or "tonneaus," are predominately used on pickup trucks to cover and secure truck beds against dirt, debris, weather, and other environmental contaminants, as well as to improve the aesthetic quality, security, and aerodynamics of pickup trucks.

1

4. Whether driven on the highway or a back country road, TruXedo's innovative tonneau covers have earned an undeniably strong reputation for keeping a truck bed and its cargo clean, secure, and dry, regardless of the weather.

5. Defendant has infringed and continues to infringe, directly and/or indirectly, the Asserted Patents by making, using, selling, offering to sell and/or importing in or into the United States, without authority, pickup truck bed covers that infringe one or more claims of each Asserted Patent. The accused pickup truck bed covers include at least the Rough Country Hard Roll Up Bed Cover ("Accused Products").

## II.   THE PARTIES

6. TruXedo is a domestic manufacturing company that is organized and existing under the laws of the State of Delaware, with its principal place of business located at 2209 Kellen Gross Drive, Yankton, South Dakota, 57078.

7. On information and belief, Defendant is a limited liability company organized under the laws of Delaware with a regular and established place of business at 2450 Huish Road, Dyersburg, Tennessee 38024.

8. On information and belief, Defendant's registered agent, through which it can receive service of process, is Cogency Global, Inc., with an address at 992 Davison Drive, Suite B, Nashville, Tennessee 37205.

## III.   JURISDICTION AND VENUE

9. This action arises under the patent laws of the United States, 35 U.S.C. § 101, et seq. This Court's jurisdiction over this action is proper under the following statutes, including 35 U.S.C. § 271, et seq., 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (jurisdiction over patent actions).

10. This Court has personal jurisdiction over Defendant because Defendant has purposefully availed itself of the rights and benefits of the laws of the State of Tennessee, having engaged in continuous, systematic, and substantial activities within this State, including marketing and sales of products within this State and this District. Defendant has its mailing address within this State and this District, and Defendant's agent is also located in this State. On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed the acts giving rise to TruXedo's claims for patent infringement within this State and this District.

11. On information and belief, Defendant maintains and operates commercial websites accessible to residents of the State of Tennessee and this District, through which Defendant promotes, offers for sale, and sells the Accused Products. Defendant's website, at https://www.roughcountry.com/hard-roll-up-tonneau-covers (Ex. G), is accessible to consumers in the United States, including those in the State of Tennessee and this District, where Defendant supplies information about the Accused Products that can be purchased and/or used in this District.

12. On information and belief, Defendant has committed acts of infringement in this District and has one or more regular and established places of business within this District under the language of 28 U.S.C. § 1400(b). Defendant maintains a permanent physical presence within the Western District of Tennessee and conducts business from its 2450 Huish Rd, Dyersburg, TN 38024 location.

13. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Defendant has a place of business and conducts business in this District, including: (i) purposefully and voluntarily placing one or more Accused Products into the stream of commerce with the expectation that these Accused Products will be purchased by consumers in this forum, and

(ii) regularly doing or soliciting business and deriving substantial revenue from goods and services to individuals in Tennessee and in this District.

## IV. PLAINTIFF AND THE ASSERTED PATENTS

14. TruXedo is part of the RealTruck family of brands and is a leading manufacturer of high quality, innovative tonneau covers world-wide. Since its inception in 2000, the TruXedo name has become synonymous with excellence and is one of the most recognized brands in the aftermarket industry for trucks.

15. Whether driven on the highway or a back country road, TruXedo's innovative tonneau covers have earned an undeniably strong reputation for keeping a truck bed and its cargo clean, secure, and dry, regardless of the weather.

16. TruXedo continues to provide high quality, innovative tonneau products and accessories to this day. TruXedo's tonneau covers and accessories are well known for their quality, value, and ease of use. The stylish aesthetics, unique features, and ease of installation are hallmarks of TruXedo's products. A culture of innovation drives TruXedo's businesses.

17. RealTruck has a previous history with Defendant. Starting in approximately 2015, a third party, Rugged Liner, assisted Defendant in a direct import program from China. Rugged Liner was acquired by the successor entity that eventually became RealTruck in 2016.

18. Following its acquisition of Rugged Liner, RealTruck's subsidiaries worked to offer additional product assortments including a soft folding cover, a top mount hard tri folding cover, and a Flush Mount Hard Fold to Defendant. As part of the agreement, Defendant expressly acknowledged that RealTruck's predecessor owned intellectual property, including patents, used within Defendant's branded truck bed covers that remained the exclusive property of RealTruck's predecessor.

19. However, in 2023 Defendant decided to cease its business relationship with RealTruck and its subsidiaries and sourced competing products from a foreign supplier. As a result of Defendant's actions, two other RealTruck subsidiaries, UnderCover, Inc. and Laurmark Enterprises, Inc. d/b/a BAK Industries, sued Defendant for patent infringement of three patents relating to pickup truck bed covers. That lawsuit is currently pending before this Court, Case No. 1:24-cv-01093-STA-jay.

### A.    U.S Patent 8,672,388

20. On March 18, 2014, U.S. Patent No. 8,672,388 entitled "Hard Roll-Up Tonneau" was duly and lawfully issued. A true and correct copy of the '388 Patent is attached to this complaint as Exhibit A.

21. TruXedo is the owner, by valid assignment, of the entire right, title, and interest in and to the '388 Patent. The '388 Patent is valid, enforceable, and currently in full force and effect.

### B.    U.S. Patent 9,211,833

22. On December 15, 2015, U.S. Patent No. 9,211,833 entitled "Hard Roll-Up Tonneau" was duly and lawfully issued. A true and correct copy of the '833 Patent is attached to this complaint as Exhibit B.

23. TruXedo is the owner, by valid assignment, of the entire right, title, and interest in and to the '833 Patent. The '833 Patent is valid, enforceable, and currently in full force and effect.

### C.    U.S. Patent 9,840,135

24. On December 12, 2017, U.S. Patent No. 9,840,135 entitled "Hard Roll-Up Tonneau," was duly and lawfully issued. A true and correct copy of the '135 Patent is attached to this complaint as Exhibit C.

25. TruXedo is the owner, by valid assignment, of the entire right, title, and interest in and to the '135 Patent. The '135 Patent is valid, enforceable, and currently in full force and effect.

## V.  GENERAL ALLEGATIONS

26. Defendant has not obtained a license to any of the Asserted Patents.

27. Defendant does not have TruXedo's permission to make, use, sell, offer for sale, or import products or practice methods that are covered by one or more claims of any of the Asserted Patents.

28. Defendant has made, used, sold, offered to sell, and/or imported into the United States products as claimed in each of the Asserted Patents.

29. Defendant has infringed (literally and/or under the doctrine of equivalents), directly, indirectly, and/or through subsidiaries, agents, representatives, or intermediaries, one or more claims of each Asserted Patent by making, using, importing, testing, supplying, causing to be supplied, selling, and/or offering for sale in the United States pickup truck bed covers that infringe at least one claim of each Asserted Patent, including but not limited to the Accused Products.

30. Defendant's customers have directly infringed the Asserted Patents by using the Accused Products. Through its product manuals, website, and/or sales and marketing activities, Defendant solicited, instructed, encouraged, and aided and abetted its customers to purchase and use the Accused Products in an infringing way.

31. Defendant has had knowledge of at least the '833 Patent at least through TruXedo's sending of a notice letter to Defendant on February 11, 2025 (and Defendant's receipt of the notice letter), that identified the Accused Products as infringing the '833 Patent. Defendant responded to that notice letter on April 25, 2025 in which Defendant made reference to not only the '833 Patnet but also the '388 and '135 Patents. Therefore, upon information and belief, after receiving TruXedo's notice letter, Defendant studied each of the Asserted Patents on or before April 25, 2025.

32.     By receiving such notice of infringement, Defendant obtained a subjective belief that there is a high probability that the Accused Products infringe the Asserted Patents. Despite being put on notice of infringement, on information and belief, Defendant has not taken any actions to avoid the conduct alleged to infringe and has not sought to remedy its infringements by offering to take a license. Defendant's failure to act reflects deliberate actions to avoid learning that the Accused Products infringe the Asserted Patents and, more generally, a policy of not earnestly reviewing and respecting the intellectual property of others.

33.     Defendant's actions after learning of the Asserted Patents were with specific intent to cause infringement of one or more claims of each of the Asserted Patents.

34.     Defendant was previously a respondent in International Trade Commission Investigation No. 337-TA-1345, Certain Automated Retractable Vehicle Steps and Components Thereof, showing a pattern of infringement. In that investigation, Defendant agreed to a consent order prohibiting their continued importation of the accused products in that matter.

35.     Defendant is currently involved in another patent infringement litigation before this Court, Case No. 1:24-cv-01093-STA-jay. In that litigation, two other RealTruck subsidiaries, UnderCover, Inc. and Laurmark Enterprises, Inc. d/b/a BAK Industries, sued Defendant for patent infringement of three patents relating to pickup truck bed covers, further demonstrating a pattern of infringement.

36.     Further discovery may reveal earlier knowledge of one or more of the Asserted Patents, which would provide additional evidence of Defendant's specific intent, willful blindness, and/or willful infringement of the Asserted Patents.

37.     TruXedo has been damaged as a result of Defendant's infringing conduct. Defendant is therefore liable to TruXedo in an amount that adequately compensates TruXedo for

Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

38. In addition, for the reasons discussed herein, Defendant's infringing activities detailed in this complaint and accompanying claim charts have been willful, egregious, wanton, and deliberate in disregard to TruXedo's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

39. Attached hereto as Exhibits D-F, and incorporated herein by reference, are representative claim charts detailing how exemplar Accused Products have infringed the Asserted Patents.

40. For each count of infringement listed below, TruXedo incorporates and restates the allegations contained in the preceding paragraphs, including these General Allegations, as if set forth fully in each count of infringement.

### VI. COUNT I: INFRINGEMENT OF U.S. PATENT 8,672,388

41. TruXedo incorporates the previous paragraphs of this complaint as if fully set forth herein.

42. TruXedo is the owner of all rights, title, and interest in the '388 Patent, including the right to bring this suit for injunctive relief and damages.

43. Defendant has and continues to directly infringe one or more claims of the '388 Patent, including, for example, claim 1, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products, including, but not limited to, the Accused Products.

44. An exemplary claim chart demonstrating Defendant's infringement of the '388 Patent, as well as Defendant's customers' infringement of the '388 Patent, which is induced and contributed to by Defendant, is attached as Exhibit D.

45. On information and belief, Defendant has and continues to indirectly infringe the '388 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused Products and/or by instructing customers in the use of the Accused Products in a way that directly infringes at least claim 1 of the '388 Patent.

46. On information and belief, Defendant has had actual knowledge of the '388 Patent and its infringement of the '388 Patent since at least April 25, 2025 as evident by Defendant's letter, dated the same, in which Defendant responded to TruXedo's February 11, 2025 notice letter to Defendant detailing infringement of the '833 Patent.

47. On information and belief, Defendant's actions represent a specific intent to induce infringement of at least claim 1 of the '388 Patent, including through the offer of customer support and installation instructions that direct and encourage its customers to infringe the '388 Patent through the use of the Accused Products.

48. On information and belief, Defendant has and continues to indirectly infringe the '388 Patent in violation of 35 U.S.C. § 271(c) by contributing to the direct infringement of Defendant's customers. Since at least when it learned of the '388 Patent, Defendant has known or should have known that the intended use of the Accused Products by an end user is both patented and infringing.

49. The Accused Products are not staple articles of commerce suitable for substantial non-infringing use. Instead, the Accused Products are especially made and/or adapted for use in infringing the '388 Patent.

50. As a result of Defendant's infringement of the '388 Patent, TruXedo has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

51. Defendant's infringement has been knowing and intentional, egregious, wanton, and deliberate in disregard of TruXedo rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### VII.   COUNT II: INFRINGEMENT OF U.S. PATENT 9,211,833

52. TruXedo incorporates the previous paragraphs of this complaint as if fully set forth herein.

53. TruXedo is the owner of all rights, title, and interest in the '833 Patent, including the right to bring this suit for injunctive relief and damages.

54. Defendant has and continues to directly infringe one or more claims of the '833 Patent, including, for example, claim 1, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products, including, but not limited to, the Accused Products.

55. An exemplary claim chart demonstrating Defendant's infringement of the '833 Patent, as well as Defendant's customers' infringement of the '833 Patent, which is induced and contributed to by Defendant, is attached as Exhibit E.

56. On information and belief, Defendant has and continues to indirectly infringe the '833 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused Products and/or by instructing customers in the use of the Accused Products in a way that directly infringes at least claim 1 of the '833 Patent.

57. On information and belief, Defendant has had actual knowledge of the '833 Patent and its infringement of the '833 Patent through at least TruXedo's February 11, 2025 notice letter to Defendant.

58. On information and belief, Defendant's actions represent a specific intent to induce infringement of at least claim 1 of the '833 Patent, including through the offer of customer support and installation instructions that direct and encourage its customers to infringe the '833 Patent through the use of the Accused Products.

59. On information and belief, Defendant has and continues to indirectly infringe the '833 Patent in violation of 35 U.S.C. § 271(c) by contributing to the direct infringement of Defendant's customers. Since at least when it learned of the '833 Patent, Defendant has known or should have known that the intended use of the Accused Products by an end user is both patented and infringing.

60. The Accused Products are not staple articles of commerce suitable for substantial non-infringing use. Instead, the Accused Products are especially made and/or adapted for use in infringing the '833 Patent.

61. As a result of Defendant's infringement of the '833 Patent, TruXedo has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

62. Defendant's infringement has been knowing and intentional, egregious, wanton, and deliberate in disregard of TruXedo rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## VIII.   COUNT III: INFRINGEMENT OF U.S. PATENT 9,840,135

63. TruXedo incorporates the previous paragraphs of this complaint as if fully set forth herein.

64. TruXedo is the owner of all rights, title, and interest in the '135 Patent, including the right to bring this suit for injunctive relief and damages.

65. Defendant has and continues to directly infringe one or more claims of the '135 Patent, including, for example, claim 1, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products, including, but not limited to, the Accused Products.

66. An exemplary claim chart demonstrating Defendant's infringement of the '135 Patent, as well as Defendant's customers' infringement of the '135 Patent, which is induced and contributed to by Defendant, is attached as Exhibit F.

67. On information and belief, Defendant has and continues to indirectly infringe the '135 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused Products and/or by instructing customers in the use of the Accused Products in a way that directly infringes at least claim 1 of the '135 Patent.

68. On information and belief, Defendant has had actual knowledge of the '135 Patent and its infringement of the '135 Patent since at least April 25, 2025 as evident by Defendant's letter, dated the same, in which Defendant responded to TruXedo's February 11, 2025 notice letter to Defendant detailing infringement of the '833 Patent.

69. On information and belief, Defendant's actions represent a specific intent to induce infringement of at least claim 1 of the '135 Patent, including through the offer of customer support and installation instructions that direct and encourage its customers to infringe the '135 Patent through the use of the Accused Products.

70. On information and belief, Defendant has and continues to indirectly infringe the '135 Patent in violation of 35 U.S.C. § 271(c) by contributing to the direct infringement of Defendant's customers. Since at least when it learned of the '135 Patent, Defendant has known or should have known that the intended use of the Accused Products by an end user is both patented and infringing.

71. The Accused Products are not staple articles of commerce suitable for substantial non-infringing use. Instead, the Accused Products are especially made and/or adapted for use in infringing the '135 Patent.

72. As a result of Defendant's infringement of the '135 Patent, TruXedo has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

73. Defendant's infringement has been knowing and intentional, egregious, wanton, and deliberate in disregard of TruXedo rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## IX. PRAYER FOR RELIEF

TruXedo respectfully request this Court enter judgment in its favor and grant the following relief:

    a. A judgment that Defendant has directly and/or indirectly infringed one or more claims of the Asserted Patents;

    b. A judgment and order requiring Defendant to pay TruXedo past and future damages under 35 U.S.C. § 284, including for supplemental damages arising from a continuing post-verdict infringement for the time between trial and entry

of the final judgment with an accounting, as needed, as provided by 35 U.S.C. § 284;

c. A judgment and order that Defendant has willfully infringed the Asserted Patents and requiring Defendant to pay TruXedo enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285;

d. A judgment and order requiring Defendant to pay TruXedo pre-judgment and post-judgment interest on the damages award;

e. A judgment and order requiring Defendant to pay TruXedo's costs; and

f. Such other and further relief as the Court may deem just and proper.

## X. DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, TruXedo demands a trial by jury on all issues triable of right by a jury.

Respectfully submitted this 28th day of August, 2025.

DICKINSON WRIGHT PLLC

 s/ *Autumn L. Gentry*
Autumn L. Gentry (#20766)
424 Church Street, Suite 800
Nashville, TN 37219
Telephone: (615) 620-1757
Fax: (844) 670-6009
agentry@dickinsonwright.com

Steven A. Caloiaro (*pro hac vice forthcoming*)
NV Bar No. 12344
100 W. Liberty Street, Suite 940
Reno, NV 89501
Telephone: (775) 343-7506
scaloiaro@dickinson-wright.com

Michael N. MacCallum (*pro hac vice forthcoming*)
MI Bar No. P75304
2600 W. Big Beaver, Suite 300
Troy, MI 48084
Telephone: (248) 631-2080
MMacCallum@dickinson-wright.com

Jordan M. Marchello (*pro hac vice forthcoming*)
NV Bar No. 16926
3883 Howard Hughes Pkwy, Suite 800
Las Vegas, NV 89169
Telephone: (702) 550-4400
JMarchello@dickinsonwright.com

Eric Moss (*pro hac vice forthcoming*)
MI Bar No. P88102
IL Bar No. 6339423
350 S. Main Street, Suite 300
Ann Arbor, MI 48104
Telephone: (734) 623-7075
emoss@dickinson-wright.com

*Attorneys for Plaintiff TruXedo, Inc.*